IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JAMES E. COLEMAN, JR.                      No. 14-cr-03923 WJ

    Defendant.

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO INTRODUCE EVIDENCE AS INTRINSIC EVIDENCE AND PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

**COMES NOW,** the Defendant, **JAMES E. COLEMAN, JR. ,** by and through his attorney of record, Joseph J. Gribble, and hereby requests that the Court deny the Government's *Motion in Limine To Introduce Evidence As Intrinsic Evidence And Pursuant to Federal Rule of Evidence 404(b)* ("Motion").  The evidence proposed to be introduced at trial is irrelevant, prejudicial and may improperly influence the jury.  **AS GROUNDS** in support of said motion, Defendant states the following facts and circumstances:

### Introduction

James Coleman is charged by indictment with tax evasion (2 counts) for tax years 2008 and 2009 contrary to 26 U.S.C. § 7201 and making and subscribing false tax returns (2 counts) for tax years 2008 and 2009 contrary to 26 U.S.C. § 7206(1).  Mr. Coleman owned and operated a local bar and restaurant named Sneakerz.  These charges arose out of the alleged under reporting of gross receipts taxes from Sneakerz for the 2008 and 2009 tax years that created taxable income due and owing.

The Government, via its motion, is attempting to introduce an incomplete formula, irrelevant computer reports alleged to evidence fraud and loan applications that fail to reference any financial statements. These identified evidentiary issues are neither intrinsic evidence nor extrinsic evidence. Therefore, Mr. Colemen is respectfully requesting this evidence be excluded from trial.

## Argument

Intrinsic evidence is evidence that provides appropriate contextual or background information to the jury so that other relevant evidence is not confusing. *United States v. Irving*, 665 F.3d 1184, 1212-1213 (10th Cir. 2011). On the other hand, extrinsic evidence is not "intimately connected or blended with the factual circumstances of the charged offense." *Id.* at 1212. Thus, if the evidence is intrinsic, the Court does not apply a Rule 404(b) analysis. If the evidence is determined to be extrinsic, Rule 404(b) applies.

A. **The under reporting formula for the tax years 2002-2009 is not admissible evidence.**

The alleged evidence proposed by the Government asserts that Mr. Coleman used a formula to establish a scheme to under report the gross receipts taxes of Sneakerz from, at least, 2002 through 2009. Based on this under reporting, Mr. Coleman allegedly manipulated the gross receipts taxes to establish that the applicable taxable income for both Sneakerz and Mr. Coleman was zero. However, the Government's formula is incomplete and ignores the applicable deductions. It fails to address the proper amount of deductions, which is necessary to calculate the taxable income.

Although Mr. Coleman may have under reported the gross receipts taxes of Sneakerz, he

also substantially under reported applicable tax deductions, which modifies the amount of taxable income. The formula purported by the Government fails to calculate the taxable income because is ignores the under reported deductions. For example, in Count 2 of the Indictment, the Government asserts that the taxable income due and owning is approximately $75,659.00 for the 2009 tax year. However, by properly calculating the deductions, the taxable income due and owning is approximately $382.00.

This under reporting formula is not intrinsic evidence. It fails to account for any under reported deductions that apply for each year. The Government's introduction of this expanded evidence would mostly likely mislead the jury about the actual amount of taxable income rather than providing appropriate context. It is unclear whether the Government has calculated the taxable income for each year, properly taking into account any deductions, due and owning starting in 2002. The failure to calculate the applicable deductions would likely confuse the jury unfairly against Mr. Coleman.

Moreover, the proffered evidence is inadmissible extrinsic evidence pursuant to Rule 404(b). In weighing the admissibility of evidence under Rule 404(b), courts consider four factors: (1) is the evidence offered for a proper purpose; (2) is the evidence relevant; (3) does the evidence survive a Rule 403 analysis; and (4) can limiting instructions cure any concerns. *Id.* 665 F.3d at 1211.

First, the Government must offer evidence for a permissible purpose. *United States v. Wilson*, 107 F.3d 774, 782 (10th Cir. 1997). The proposed formula fails to present a complete and precise presentation of the evidence as required. *United States v. Temple*, 862 F.2d 821, 823 (10th Cir. 1988). There is not a precise explanation as required by *Temple*. Therefore, the

Government failed to meet its burden and the evidence should be deemed inadmissible.

Second, the formula is not relevant without the complete tax picture. The issue is the taxable income due and owning. In this case, it is unclear what the exact taxable income is for the years from 2002 through 2009 without an accurate analysis of the proper deductions. The formula is incomplete.

Third, whether or not the proffered evidence is extrinsic or intrinsic, is must satisfy Rule 403. Evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative issues. *Fed.R. Evid*. 403. It is clear that an incomplete formula, proposed by the Government, which ignores evidence that benefits Mr. Coleman, presents a unfair prejudice. The incomplete formula will create confusion and mislead the jury. In fact, it will extend the trial to cover the taxable income for the years 2002, 2003, 2004, 2005, 2006, 2007, 2008 and 2009. This is precisely the result Rule 404(b) is intended to avoid and cannot be cured with a limiting instruction.

**B.     The alleged altered documents are not admissible.**

The Government further intends to introduce alleged falsified Aloha reports, which it claims were created to deceive an audit covering the 2008 tax year. Aloha is the point of sales software program used by Sneakerz to calculate gross receipts taxes. Aloha is a specialized software program that uses encryptions, which can only be deciphered by the developer. Upon information and belief, the Aloha software program is not designed to directly download into a unsecured Microsoft Word document.

Applying the above analysis, the Government is taking numerous foundational leaps to

assert that the subject documents where created by Mr. Coleman and then intended to be used to thwart an audit for the tax years 2007 and 2008. In fact, the tax representative retained by Mr. Coleman was using a bank deposit analysis to address the 2007 audit. Therefore, the alleged false reports would be irrelevant upon the completion of the bank deposit analysis.

**C. The loan applications are not admissible.**

The United States intends to introduce income statements on loan applications submitted to First Community Bank in 2008 and 2009. However, upon information and belief, there were no financial statements or documents submitted to support the claims in the applications. These applications lack the foundation necessary to assure that this was an accurate income representation for purposes of this trial without an analysis of the underwriting requirements by First Community Bank.

## Conclusion

The Government's proffered under reporting formula evidence is not intrinsic to the evidence to be offered at trial. While the evidence may be extrinsic, the probative value of such evidence is outweighed by its prejudicial effect. Furthermore, the alleged altered documents and loan applications are inadmissable based on lack of foundation. In light of these facts, the Government's Motion in Limine to Introduce Evidence As Intrinsic Evidence And Pursuant to Federal Rule of Evidence 404(b) should be denied.

[Remainder of page left blank intentionally]

**WHEREFORE,** for the foregoing reasons, Defendants prays for the above requested relief.

        Electronically Filed,

        CROWLEY & GRIBBLE, P.C.

        /s/ Joseph J. Gribble, Attorney at Law
        Joseph J. Gribble, ESQ.
        Counsel for Defendant
        4811 Hardware Dr. NE, Bld. D, Suite 5
        Albuquerque, NM 87109
        (505) 314-1450

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 7th day of March, 2016, I filed the foregoing motion electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Jeremy Pena, Assistant United States Attorney

        /s/
        Joseph J. Gribble